UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-24734-cv-BLOOM/Torres

RODNEY MAURICE MCGILL, SR.,

    Plaintiff,
v.

WELLS FARGO BANK, N/A,

    Defendant.
_____/

### ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Rodney Maurice McGill, Sr.'s ("Plaintiff") Complaint, ECF No. [1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that … (B) the action or appeal … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *See id.* And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)). Upon a review of the Complaint, the Court concludes it must be dismissed because it fails to state a claim on which relief may be granted.

## I.  BACKGROUND

Plaintiff alleges a single false imprisonment claim against Defendant Wells Fargo ("Defendant") under 42 U.S.C. § 1983. Plaintiff alleges that "Defendant[']s contin[ued] efforts to falsely imprison Plaintiff violated his 8th Amendment rights[.]" ECF No. [1] ¶ 1. The Complaint provides the following allegations in support:

Plaintiff informed Defendant that he was "being detained in prison for obtaining [a] mortgage by false representation, grand theft[,] and RICO." *Id.* ¶ 2. Plaintiff was informed by Detective Theodore Padich ("Detective Padich"), a law enforcement officer involved in his criminal conviction, that Detective Padich received a complaint from Defendant that Plaintiff "obtained a mortgage [by] false representation and committed grand theft[.]" *Id.* ¶ 3. Plaintiff subsequently provided this information to Defendant, whose attorney informed Plaintiff that Defendant "did not inform [D]etective Padich of a crime committed by Plaintiff."[1] *Id.* ¶ 6. Defendant is thus aware that it never made a complaint to Detective Padich regarding Plaintiff, and that Plaintiff was convicted based on the erroneous belief that Defendant made such a complaint. "Defendant's silence is [therefore] the actual act that keeps Plaintiff in prison" despite Defendant's contention that it never reported that Plaintiff may have committed fraud or theft to Detective Padich. *Id.* ¶¶ 9-10. Plaintiff seeks $51,000,000.00 in damages, as well as documentation from Defendant that it never complained that Plaintiff committed any misconduct.[2] *Id.* ¶¶ 14-16.

---

[1] Plaintiff received this information from Defendant through an unnamed "civil suit filed in Daytona [B]each[,] Florida." *Id.* ¶ 4. The Complaint indicates that Plaintiff sued Defendant for fraud in connection with his conviction. *See id.* ¶¶ 4-7.

[2] The Complaint seeks $1,000,000.00 in "legal compensation from Defendant" and subsequently requests an additional $50,000,000.00 in "compensation[.]" *Id.* ¶¶ 14, 16. It is unclear whether both sums are requests for compensatory damages, or whether Plaintiff also seeks punitive damages.

## II. Legal Standard

### A. Pleading Standards

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (citation and quotation marks omitted).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### B. 42 U.S.C. § 1983

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992). "[T]o hold that private

parties … are State actors, this court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test')." *Rayburn*, 241 F.3d at 1347 (quoting *NBC, Inc. v. Communications Workers of America,* 860 F.2d 1022, 1026-27 (11th Cir.1988)).

### III. Discussion

Plaintiff brings a single false imprisonment claim under 42 U.S.C. § 1983 against Defendant. Plaintiff contends that "it is cruel for Defendant[] not to notify State officials and inform them … [that] they told the Court in Plaintiff['s] civil suit that they did not make a complaint against Plaintiff." ECF No. [1] ¶ 11. Plaintiff argues that Defendant's failure to do so evidences a continued effort to keep Plaintiff in prison in violation of the 8th Amendment. *Id.* ¶ 12.

"In the prison context … [t]he Eighth Amendment can give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs." *Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010). Plaintiff's Complaint does not plausibly allege a claim challenging the specific conditions of his confinement, nor does it allege any excessive use or force or deliberate indifference to his medical needs. Instead, Plaintiff effectively alleges that Defendant violated his "constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release[.]" *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993),

*modified on other grounds*, 15 F.3d 1022 (11th Cir. 1994). This is an important distinction, as "[t]he Eleventh Circuit has told us to construe this type of allegation as a false-imprisonment claim under the Due Process Clause of the Fourteenth Amendment." *Demitro v. Bondi*, No. 23-CV-22826, 2023 WL 4890002, at *2 (S.D. Fla. Aug. 1, 2023) (citing *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009) ("A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment.")).

Plaintiff accordingly alleges the deprivation of a constitutional right by Defendant, namely, false imprisonment in violation of his due process rights. To plausibly allege a false imprisonment claim under § 1983, Plaintiff accordingly must allege that Defendant's conduct constitutes both false imprisonment under Florida common law and a due process violation under the Due Process Clause of the Fourteenth Amendment. *Campbell*, 586 F.3d at 840. "To establish a claim of common-law false imprisonment, [Plaintiff] must show 'an intent to confine, an act resulting in confinement, and the victim's awareness of confinement.'" *Demitro*, 2023 WL 4890002, at *2 (quoting *Campbell*, 586 F.3d at 840). "To prove a due-process violation, he must demonstrate that the Defendant[] 'acted with deliberate indifference'—*i.e.*, that they 'had subjective knowledge of a risk of serious harm and disregarded that risk by actions beyond mere negligence.'" *Id.*

Even assuming Plaintiff's allegations support a plausible common law false imprisonment claim, Defendant's status as a private actor is fatal to Plaintiff's § 1983 false imprisonment claim. "The Due Process Clause of the Fourteenth Amendment provides that '[n]o State shall … deprive any person of life, liberty, or property, without due process of law.'" *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195, 109 S. Ct. 998, 1002, 103

L. Ed. 2d 249 (1989). Its protections do not extend to deprivations committed by private actors. *See id.* ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."). Accordingly, Plaintiff fails to state a plausible § 1983 false imprisonment claim even if Defendant failed to inform law enforcement that it never made a complaint against Plaintiff, and even if that omission caused Plaintiff's false conviction and his continued incarceration.[3]

Plaintiff therefore fails to state a claim on which relief may be granted. Plaintiff's § 1983 false imprisonment claim fails to plausibly allege that Defendant deprived Plaintiff of his due process rights under the Due Process Clause of the Fourteenth Amendment.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.
2. Plaintiff's Motion to Proceed *In Forma Pauperis*, **ECF No. [3]**, is **DENIED as moot**.
3. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint, he must do so by opening a new case.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

---

[3] Because the Court concludes that Plaintiff fails to plausibly allege that Defendant's conduct deprived Plaintiff of his due process rights, it need not consider whether Defendant's conduct constitutes a "rare circumstance[]" where "a private party [may] be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey*, 949 F.2d at 1130.

Case No. 23-24734-cv-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 19, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

Rodney Maurice McGill, Sr.
Hamilton Correctional Institution
Inmate Mail/Parcels
10650 S.W. 46th Street
Jasper, FL 32052
PRO SE